Dale M. Cendali
Claudia Ray
Phillip Hill
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
claudia.ray@kirkland.com
phil.hill@kirkland.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRYAN EICH, JOHN EMANUELE, and RICHARD CUPOLO, individually and on behalf of all other similarly situated copyright holders,<br><br>               Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>               Defendant. | CASE NO. 1:17-cv-09857 (LLS)<br><br>ECF Case<br><br>**ANSWER TO THE SECOND AMENDED COMPLAINT** |

Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, answers Plaintiffs' Second Amended Complaint ("SAC") as follows:

<u>**GENERAL DENIAL**</u>

Except as otherwise expressly admitted herein, Apple denies each and every allegation contained in the SAC, including, without limitation, any allegations set forth in the preamble or headings of the SAC, and specifically denies any liability to Plaintiffs. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the SAC to which no responsive pleading is

required shall be deemed as denied.  Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Apple responds to the specific allegations in the SAC as follows:

## NATURE OF ACTION

1.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 1 of the SAC, and therefore denies the allegations set forth in the first sentence of Paragraph 1 of the SAC on that basis, and states that the allegations set forth in the second sentence of Paragraph 1 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 1 of the SAC, and therefore denies the allegations set forth in the second sentence of Paragraph 1 of the SAC on that basis.

2.      Admits that Apple owns and operates the Apple Music interactive streaming service, denies that Apple Music is formerly known as Beats Music, and states that the remaining allegations set forth in the first sentence of Paragraph 2 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that it owns and operates Apple Music, and states that the allegations set forth in the second sentence of Paragraph 2 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in the second sentence of Paragraph 2 of the SAC.

3.      States that the allegations set forth in Paragraph 3 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations.

4.      States that the allegations set forth in Paragraph 4 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations.

## PARTIES

5.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the SAC, and therefore denies the allegations on that basis.

6.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the SAC, and therefore denies the allegations on that basis.

7.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the SAC, and therefore denies the allegations on that basis.

8.      Admits that Apple is a California corporation with offices located at 1 Infinite Loop, Cupertino, California, but states that the allegations set forth in the second sentence of Paragraph 8 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in the second sentence of Paragraph 8 of the SAC.

## JURISDICTION AND VENUE

9.      States that the allegations set forth in Paragraph 9 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that (1) this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), (2) the SAC purports to allege claims arising under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*., and (3) this Court has subject-matter jurisdiction as to the claims set forth in the SAC.

10.     States that the allegations set forth in Paragraph 10 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 10 of the SAC, except admits that this Court has personal jurisdiction over Apple for purposes of this action.

11.     States that the allegations set forth in Paragraph 11 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 11 of the SAC, except admits that this Court has personal jurisdiction over Apple for purposes of this action and further admits that Apple operates an subscription interactive music streaming service, Apple Music, through which sound recordings and the musical compositions embodied therein can be streamed by New York residents.

12.     States that the allegations set forth in the first three sentences of Paragraph 12 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that this Court has personal jurisdiction over Apple for purposes of this action and that Apple conducts continuous business activities in New York, and states that the allegations set forth in the fourth sentence of Paragraph 12 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in the fourth sentence of Paragraph 12 of the SAC, and therefore denies the allegations set forth in the fourth sentence of Paragraph 12 of the SAC on that basis.

13.     States that the allegations set forth in Paragraph 13 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that venue is proper in this District for this action.

14.     States that the allegations set forth in Paragraph 14 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the SAC, and therefore denies the allegations on that basis.

15.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the SAC, and therefore denies the allegations on that basis.

16.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the SAC, and therefore denies the allegations on that basis, except denies knowledge or information sufficient to form a belief as to the authenticity or accuracy of the documents annexed as Exhibit 1 to the SAC, and therefore denies such allegations on that basis, except admits that the documents annexed as Exhibit 1 to the SAC purport to consist of certificates of registration issued by the U.S. Copyright Office.

17.     States that the allegations set forth in Paragraph 17 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the SAC, and therefore denies the allegations on that basis.

## CLASS ALLEGATIONS

18.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the SAC, and therefore denies the allegations on that basis, except denies that "publishing rights" are also known as "mechanical rights."

19.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the SAC, and therefore denies the allegations on that basis.

20.     States that the allegations set forth in Paragraph 20 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies

knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the SAC, and therefore denies the allegations on that basis.

21.     States that the allegations set forth in the first sentence of Paragraph 21 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to any of the allegations set forth in Paragraph 21 of the SAC, and therefore denies the allegations on that basis.

22.     States that the allegations set forth in Paragraph 22 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 22 of the SAC, except admits that Apple has maintained records that may be used to determine which musical compositions have been streamed on Apple Music.

23.     States that the allegations set forth in the first sentence of Paragraph 23 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to any of the allegations set forth in Paragraph 23 of the SAC, and therefore denies the allegations on that basis.

24.     States that the allegations set forth in Paragraph 24 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the SAC, and therefore denies the allegations on that basis.

25.     States that the allegations set forth in Paragraph 25 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies

knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 25 of the SAC, and therefore denies the allegations on that basis.

26.     States that the allegations set forth in Paragraph 26 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the SAC, and therefore denies the allegations on that basis.

27.     States that the allegations set forth in Paragraph 27 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the SAC, and therefore denies the allegations on that basis.

28.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28 of the SAC, and therefore denies the allegations on that basis.

29.     States that the allegations set forth in Paragraph 29 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the SAC, and therefore denies the allegations on that basis.

30.     States that the allegations set forth in Paragraph 30 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the SAC, and therefore denies the allegations on that basis.

31.     States that the allegations set forth in Paragraph 31 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 31 of the SAC.

32.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the SAC, and therefore denies the allegations on that basis.

33.     States that the allegations set forth in Paragraph 33 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the SAC, and therefore denies the allegations on that basis.

34.     States that the allegations set forth in Paragraph 34 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the SAC, and therefore denies the allegations on that basis.

35.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the SAC, and therefore denies the allegations on that basis.

## GENERAL FACTS

36.     States that the allegations set forth in Paragraph 36 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that the Copyright Act grants certain exclusive rights to copyright holders.

37.     States that the allegations set forth in Paragraph 37 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the SAC, and therefore denies the allegations on that basis.

38.     States that the allegations set forth in Paragraph 38 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the SAC, and therefore denies the allegations on that basis.

39.     States that the allegations set forth in Paragraph 39 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39 of the SAC, and therefore denies the allegations on that basis.

40.     States that the allegations set forth in Paragraph 40 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that 17 U.S.C. § 115 of the Copyright Act concerns a compulsory license, which provision speaks for itself.

41.     States that the allegations set forth in Paragraph 41 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that 17 U.S.C. § 115 (b)(1) of the Copyright Act contains the language quoted in Paragraph 41 of the SAC.

42.     States that the allegations set forth in Paragraph 42 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that 17 U.S.C. § 115(b)(1) concerns compulsory mechanical licenses, which provision speaks for itself.

43.     States that the allegations set forth in Paragraph 43 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that 17 U.S.C. § 115(c)(5) concerns royalty payments and statements of account, which provision speaks for itself.

44.     States that the allegations set forth in Paragraph 44 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies

knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 44 of the SAC, and therefore denies the allegations on that basis.

45.     States that the allegations set forth in Paragraph 45 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 45 of the SAC, and therefore denies the allegations on that basis.

46.     States that the allegations set forth in Paragraph 46 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 46 of the SAC, and therefore denies the allegations on that basis.

47.     States that the allegations set forth in Paragraph 47 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47 of the SAC, and therefore denies the allegations on that basis.

48.     States that the allegations set forth in Paragraph 48 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48 of the SAC, and therefore denies the allegations on that basis.

49.     States that the allegations set forth in Paragraph 49 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 49 of the SAC.

50.     States that the allegations set forth in Paragraph 50 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies

knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50 of the SAC, and therefore denies the allegations on that basis.

51.     States that the allegations set forth in Paragraph 51 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 51 of the SAC, and therefore denies the allegations on that basis.

52.     States that the allegations set forth in Paragraph 52 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 52 of the SAC, and therefore denies the allegations on that basis.

## Result of Failing to Obtain a Mechanical License

53.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53 of the SAC, and therefore denies the allegations on that basis.

54.     States that the allegations set forth in Paragraph 54 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 54 of the SAC except admits that 17 U.S.C. § 115(b)(2) contains the language quoted in the second sentence of Paragraph 54 of the SAC.

55.     States that the allegations set forth in Paragraph 55 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the SAC, and therefore denies the allegations on that basis.

56.     States that the allegations set forth in Paragraph 56 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, states

that the allegations in Paragraph 56 of the SAC purport to quote a Senate Report, which document speaks for itself.

57.     States that the allegations set forth in Paragraph 57 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, states that the allegations in Paragraph 57 of the SAC purport to quote a Senate Report, which document speaks for itself.

## AGGREGATORS

58.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58 of the SAC, and therefore denies the allegations on that basis.

59.     Denies that Beats Music is Apple Music's predecessor, and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 59 of the SAC, and therefore denies the allegations on that basis.

60.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the SAC, and therefore denies the allegations on that basis.

61.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 61 of the SAC, and therefore denies the allegations on that basis.

62.     States that the allegations set forth in Paragraph 62 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 62 of the SAC, and therefore denies the allegations on that basis.

63.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 63 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreements, which speak for themselves.

64.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 64 of the SAC, and therefore denies the allegations on that basis, except denies that the documents annexed as Exhibit 2 to the SAC contain the quoted language and refers to the relevant agreement, which speaks for itself.

65.     States that the allegations set forth in Paragraph 65 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 65 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreements, which speak for themselves.

66.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 66 of the SAC, and therefore denies the allegations on that basis, except denies that the documents annexed as Exhibit 3 to the SAC contain the quoted language and refers to the relevant agreement, which speaks for itself.

67.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 67 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreements, which speak for themselves.

68.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 68 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreement, which speaks for itself.

70.     States that the allegations set forth in Paragraph 70 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 70 of the SAC.[1]

---

[1]     The SAC omits any Paragraph 69.  Defendant therefore has omitted any response.

71.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 71 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreements, which speak for themselves.

72.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 72 of the SAC, and therefore denies the allegations on that basis, except denies that the documents annexed as Exhibit 2 to the SAC contain the quoted language and refers to the relevant agreement, which speaks for itself.

73.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 73 of the SAC, and therefore denies the allegations on that basis, except denies that the documents annexed as Exhibit 4 to the SAC contain the quoted language and refers to the relevant agreement, which speaks for itself.

74.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 74 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreement, which speak for itself.

75.     States that the allegations set forth in Paragraph 75 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 75 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreements, which speaks for themselves.

76.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 76 of the SAC, and therefore denies the allegations on that basis, except refers to the relevant agreements, which speak for themselves.

77.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 77 of the SAC, and therefore denies the allegations on that basis.

78.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 78 of the SAC, and therefore denies the allegations on that basis.

79.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 79 of the SAC, and therefore denies the allegations on that basis.

80.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 80 of the SAC, and therefore denies the allegations on that basis.

81.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 81 of the SAC, and therefore denies the allegations on that basis.

## FACTS SPECIFIC TO PLAINTIFFS

**RICHARD CUPOLO**

82.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 82 of the SAC, and therefore denies the allegations on that basis.

83.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 83 of the SAC, and therefore denies the allegations on that basis.

84.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 84 of the SAC, and therefore denies the allegations on that basis.

85.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 85 of the SAC, and therefore denies the allegations on that basis.

86.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 86 of the SAC, and therefore denies the allegations on that basis.

87.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 87 of the SAC, and therefore denies the allegations on that basis.

88.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 88 of the SAC, and therefore denies the allegations on that basis.

81.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 81 of the SAC, and therefore denies the allegations on that basis.[2]

82.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 82 of the SAC, and therefore denies the allegations on that basis.

83.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 83 of the SAC, and therefore denies the allegations on that basis.

84.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 84 of the SAC, and therefore denies the allegations on that basis.

85.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 85 of the SAC, and therefore denies the allegations on that basis.

86.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 86 of the SAC, and therefore denies the allegations on that basis.

87.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 87 of the SAC, and therefore denies the allegations on that basis.

88.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 88 of the SAC, and therefore denies the allegations on that basis.

89.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 89 of the SAC, and therefore denies the allegations on that basis.

---

[2]   The SAC repeats paragraph numbers 81 through 88.  For ease of reference, this Answer correspondingly repeats paragraph numbers 81 through 88.

90.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 90 of the SAC, and therefore denies the allegations on that basis.

91.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 91 of the SAC, and therefore denies the allegations on that basis, except admits that some of CUPOLO's purportedly copyrighted recordings alleged in the SAC have been streamed on Apple Music.

92.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 92 of the SAC, and therefore denies the allegations on that basis.

93.     Denies that Beats is Apple Music's predecessor, and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 93 of the SAC, and therefore denies the allegations on that basis.

94.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 94 of the SAC, and therefore denies the allegations on that basis.

95.     States that the allegations set forth in Paragraph 95 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 95 of the SAC, and therefore denies the allegations on that basis.

96.     States that the allegations set forth in Paragraph 96 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 96 of the SAC, and therefore denies the allegations on that basis.

97.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 97 of the SAC, and therefore denies the allegations on that basis, and denies the allegations set forth in the second sentence of Paragraph 97 of the SAC.

98.     Denies the allegations set forth in in the first sentence of Paragraph 98 of the SAC, and denies knowledge or information sufficient to form a belief as to the allegations set forth in the remaining sentences of Paragraph 98 of the SAC, and therefore denies the allegations on that basis, except admits that the documents annexed as Exhibit 5 to the SAC purport to consist of a December 17, 2010 article from www.digitaltrends.com which speaks for itself, and denies that any documents were annexed as Exhibit 6 to the SAC.

99.     Denies the allegations set forth in Paragraph 99 of the SAC.

100.    States that the allegations set forth in Paragraph 100 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 100 of the SAC, and therefore denies the allegations on that basis, except admits that 17 U.S.C. § 115 of the Copyright Act concerns a compulsory license, which provision speaks for itself.

101.    States that the allegations set forth in Paragraph 101 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 101 of the SAC, and therefore denies the allegations on that basis.

102.    States that the allegations set forth in Paragraph 102 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 102 of the SAC, and therefore denies the allegations on that basis.

103.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 103 of the SAC, and therefore denies the allegations on that basis.

104.    Denies the allegations set forth in Paragraph 104 of the SAC.

105.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 105 of the SAC, and therefore denies the allegations on that basis.

106.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 106 of the SAC, and therefore denies the allegations on that basis, except admits that some of CUPOLO's recordings that had been available on Apple Music or in the iTunes store no longer are available.

107.    States that the allegations set forth in Paragraph 107 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 107 of the SAC.

108.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 108 of the SAC, and therefore denies the allegations on that basis.

109.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 109 of the SAC, and therefore denies the allegations on that basis.

110.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 110 of the SAC, and therefore denies the allegations on that basis.

111.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 111 of the SAC, and therefore denies the allegations on that basis.

**JOHN EMANUELE**

112.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 112 of the SAC, and therefore denies the allegations on that basis.

113.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 113 of the SAC, and therefore denies the allegations on that basis.

114.    Denies that Beats is Apple Music's predecessor, and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 114 of the SAC, and therefore denies the allegations on that basis.

115.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 115 of the SAC, and therefore denies the allegations on that basis.

116.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 116 of the SAC, and therefore denies the allegations on that basis, except admits that some of EMANUELE's recordings that had been available on Apple Music or in the iTunes store no longer are available.

117.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 117 of the SAC, and therefore denies the allegations on that basis.

118.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 118 of the SAC, and therefore denies the allegations on that basis.

119.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 119 of the SAC, and therefore denies the allegations on that basis, except denies that it "simultaneously elected not to report any streams of EMANUELE's recordings for the month of December" and admits that some of EMANUELE's recordings that had been available on Apple Music or in the iTunes store no longer are available.

120.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 120 of the SAC, and therefore denies the allegations on that basis.

121.     Denies the allegations set forth in Paragraph 121 of the SAC, except admits that the URL provided in Paragraph 121 of the SAC links to a report from "The Trichordist" dated January 16, 2017, which document speaks for itself.

122.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 122 of the SAC, and therefore denies the allegations on that basis.

123.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 123 of the SAC, and therefore denies the allegations on that basis.

124.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 124 of the SAC, and therefore denies the allegations on that basis.

125.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 125 of the SAC, and therefore denies the allegations on that basis.

126.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 126 of the SAC, and therefore denies the allegations on that basis.

127.     States that the allegations set forth in Paragraph 127 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 127 of the SAC, and therefore denies the allegations on that basis.

128.     States that the allegations set forth in Paragraph 128 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 128 of the SAC, and therefore denies the allegations on that basis.

129.     Denies the allegations set forth in Paragraph 129 of the SAC.

130.     States that the allegations set forth in Paragraph 130 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 130 of the SAC, and therefore denies the allegations on that basis.

131.     States that the allegations set forth in Paragraph 131 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 131 of the SAC, and therefore denies the allegations on that basis.

132.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 132 of the SAC, and therefore denies the allegations on that basis.

133.     Denies the allegations set forth in Paragraph 133 of the SAC.

134.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 134 of the SAC, and therefore denies the allegations on that basis.

135.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 135 of the SAC, and therefore denies the allegations on that basis, except admits that some of EMANUELE's recordings that had been available on Apple Music or in the iTunes store no longer are available.

136.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 136 of the SAC, and therefore denies the allegations on that basis.

137.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 137 of the SAC, and therefore denies the allegations on that basis.

138.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 138 of the SAC, and therefore denies the allegations on that basis.

139.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 139 of the SAC, and therefore denies the allegations on that basis.

**BRYAN EICH**

140.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 140 of the SAC, and therefore denies the allegations on that basis.

141.    Denies that Beats is Apple Music's predecessor, and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 141 of the SAC, and therefore denies the allegations on that basis.

142.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 142 of the SAC, and therefore denies the allegations on that basis, except admits that some of EICH's recordings that had been available on Apple Music or in the iTunes store no longer are available.

143.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 143 of the SAC, and therefore denies the allegations on that basis.

144.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 144 of the SAC, and therefore denies the allegations on that basis.

145.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 145 of the SAC, and therefore denies the allegations on that basis.

146.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 146 of the SAC, and therefore denies the allegations on that basis.

147.    States that the allegations set forth in Paragraph 147 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 147 of the SAC, and therefore denies the allegations on that basis.

148.     States that the allegations set forth in Paragraph 148 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 148 of the SAC, and therefore denies the allegations on that basis.

149.     Denies the allegations set forth in Paragraph 149 of the SAC.

150.     States that the allegations set forth in Paragraph 150 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 150 of the SAC, and therefore denies the allegations on that basis.

151.     States that the allegations set forth in Paragraph 151 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 151 of the SAC, and therefore denies the allegations on that basis.

152.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 152 of the SAC, and therefore denies the allegations on that basis.

153.     Denies the allegations set forth in Paragraph 153 of the SAC.

154.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 154 of the SAC, and therefore denies the allegations on that basis.

## FACTS SPECIFIC TO DEFENDANT

155.     States that the allegations set forth in Paragraph 155 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 155 of the SAC, except admits that Apple owns and operates the iTunes store.

156.    Denies the allegations set forth in Paragraph 156 of the SAC, except admits that Apple launched its subscription interactive music streaming service known as Apple Music in June 2015.

157.    States that the allegations set forth in Paragraph 157 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that Apple owns and operates Apple Music, which is an interactive music streaming service.

158.    Denies the allegations set forth in Paragraph 158 of the SAC, except admits that Apple acquired Beats Music as part of the acquisition of Beats Electronics LLC in August 2014.

159.    States that the allegations set forth in Paragraph 159 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 159 of the SAC, except admits that Apple acquired Beats Music as part of the acquisition of Beats Electronics LLC in August 2014.

160.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 160 of the SAC, and therefore denies the allegations on that basis, except admits that Beats Music ceased operation in November 2015.

161.    Denies the allegations set forth in in the first sentence of Paragraph 161 of the SAC, and denies knowledge or information sufficient to form a belief as to the allegations set forth in the remaining sentences of Paragraph 161 of the SAC, and therefore denies the allegations on that basis, and denies knowledge or information sufficient to form a belief as to the authenticity or accuracy of the documents annexed as Exhibit 5 the SAC, and therefore denies such allegations on that basis, except admits that the documents annexed as Exhibit 5 to the SAC purport to consist of a December 17, 2010 article from www.digitaltrends.com which speaks for itself, and denies that any documents were annexed as Exhibit 6 to the SAC.

162.     States that the allegations set forth in Paragraph 162 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 162 of the SAC.

163.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 163 of the SAC, and therefore denies the allegations on that basis.

164.     Denies the allegations set forth in the first sentence of Paragraph 164 of the SAC, and denies knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 164 of the SAC, and therefore denies the allegations on that basis.

165.     Denies the allegations set forth in Paragraph 165 of the SAC, except admits that Plaintiffs' outside counsel contacted Apple's former outside counsel, who had represented Apple in an entirely different dispute involving different plaintiffs, regarding allegations by Mr. Eich concerning his music being streamed on Apple Music.

166.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 166 of the SAC, and therefore denies the allegations on that basis, except admits that Apple learned on December 18, 2017, that Plaintiffs' counsel had contacted Apple via an iTunes e-mail on December 13, 2017, four days before filing this lawsuit, demanding a response by December 15, 2017.

167.     Denies the allegations set forth in Paragraph 167 of the SAC, except admits that some recordings may have been available to stream on Apple Music pursuant to licenses from the Plaintiffs' respective aggregators.

168.    States that the allegations set forth in Paragraph 168 of the SAC consist of legal

conclusions to which no response is required, but to the extent any response is required, denies

the allegations set forth in Paragraph 168 of the SAC.

## DEFENDANT FAILED TO PAY ROYALTIES

125.    Denies knowledge or information sufficient to form a belief as to the allegations

set forth in Paragraph 125 of the SAC, and therefore denies the allegations on that basis.[3]

126.    Denies knowledge or information sufficient to form a belief as to the allegations

set forth in Paragraph 126 of the SAC, and therefore denies the allegations on that basis.

127.    Denies the allegations set forth in Paragraph 127 of the SAC.

128.    Denies the allegations set forth in Paragraph 128 of the SAC.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### (On Behalf of Plaintiff and the Putative Class)

125.    Apple incorporates by reference its responses to the preceding paragraphs as if

they were fully set forth herein.[4]

126.    Denies the allegations set forth in Paragraph 126 of the SAC.

127.    States that the allegations set forth in Paragraph 127 of the SAC consist of legal

conclusions to which no response is required, but to the extent any response is required, denies

the allegations set forth in Paragraph 127 of the SAC, except denies knowledge or information

sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 127 of

---

[3]    The SAC repeats paragraph numbers 125 through 128.  For ease of reference, this Answer correspondingly repeats paragraph numbers 125 through 128.

[4]    The SAC repeats paragraph numbers 125 through 128 for a second time, and then continues by repeating paragraph numbers 129 through 138.  For ease of reference, this Answer correspondingly repeats paragraph numbers 125 through 128 for a second time, and then continues by repeating paragraph numbers 129 through 138.

the SAC, and therefore denies the allegations in the first sentence of Paragraph 127 of the SAC on that basis.

128.     Denies the allegations set forth in Paragraph 128 of the SAC, except states that Apple Music lawfully streamed copyrighted compositions.

129.     States that the allegations set forth in Paragraph 129 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, admits that 17 U.S.C. § 115(b)(2) concerns conditions relating to infringement, which provision speaks for itself.

130.     States that the allegations set forth in Paragraph 130 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 130 of the SAC, and therefore denies the allegations on that basis.

131.     States that the allegations set forth in the first sentence of Paragraph 131 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 131 of the SAC.

132.     States that the allegations set forth in Paragraph 132 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 132 of the SAC.

133.     States that the allegations set forth in Paragraph 133 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 133 of the SAC.

134.     States that the allegations set forth in Paragraph 134 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies

the allegations set forth in Paragraph 134 of the SAC, except denies knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 134 of the SAC, and therefore denies the allegations on that basis.

135.    States that the allegations set forth in the first sentence of Paragraph 135 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 135 of the SAC.

**SECOND CLAIM FOR RELIEF
FAILURE TO PAY ROYALTIES
(On Behalf of Plaintiffs and the Putative Class)**

136.    Apple incorporates by reference its responses to the preceding paragraphs as if they were fully set forth herein.

137.    States that the allegations set forth in Paragraph 137 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 137 of the SAC.

138.    States that the allegations set forth in Paragraph 138 of the SAC consist of legal conclusions to which no response is required, but to the extent any response is required, denies the allegations set forth in Paragraph 138 of the SAC.

**<u>AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>**

Apple sets forth below its affirmative defenses and other defenses.  Each defense is asserted as to all claims asserted in the SAC.  By setting forth these affirmative defenses and other defenses, Apple does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiffs.

## FIRST DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims fail in whole or in part because the SAC, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (License)

Apple possessed an express and/or implied license to engage in the allegedly infringing conduct.

## THIRD DEFENSE

### (Collateral Estoppel)

Plaintiffs' claims fail in whole or in part by the doctrine of collateral estoppel.

## FOURTH DEFENSE

### (Improper Registration)

Plaintiffs' claims fail in whole or in part to the extent that Plaintiffs' purported copyright registrations are invalid and/or have not been properly obtained.

## FIFTH DEFENSE

### (Acquiescence, Ratification and/or Consent)

Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence, ratification, and/or consent.

## SIXTH DEFENSE

### (Waiver, Abandonment, and/or Forfeiture)

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, abandonment, and/or forfeiture.

## SEVENTH DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of unclean hands.

## EIGHTH DEFENSE

### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## NINTH DEFENSE

### (Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## TENTH DEFENSE

### (De Minimis Use)

Plaintiffs' claims fail in whole or part pursuant to the *de minimis* use doctrine.

## ELEVENTH DEFENSE

### (No Willfulness)

Plaintiffs' claims fail in whole or in part because Apple's conduct was innocent, not willful.

## TWELFTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs are barred from recovery of damages because of and to the extent of Plaintiffs' failure to mitigate Plaintiffs' alleged damages (to which, in any event, Plaintiffs are not entitled).

## THIRTEENTH DEFENSE

### (No Causation)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of Apple and unrelated to Apple's conduct.  Any loss, injury, or damage claimed by Plaintiffs was proximately caused by Plaintiffs' own acts or omissions, forces and events unrelated to Apple's alleged conduct, and/or the acts or omissions of persons or entities other than Apple, over which Apple has no control.

## FOURTEENTH DEFENSE

### (No Attributable Profits)

To the extent that Plaintiffs seek the recovery of Apple's profits or revenues, such recovery is barred as no revenues or profits were attributable to or can be allocated or apportioned based upon the acts of infringement alleged in the SAC.

## FIFTEENTH DEFENSE

### (Other Affirmative Defenses)

Apple has insufficient information upon which to form a belief as to whether it may have additional affirmative defenses.  Apple reserves its rights to assert additional affirmative defenses in the event it discovers facts upon which such affirmative defenses may be based.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays as follows:

1.      That Plaintiffs take nothing by way of the SAC against Apple, and the action be dismissed with prejudice;

2.     That judgment be entered in favor of Apple and against Plaintiffs with respect to all claims in the SAC;

3.     That the Court award Apple its attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and

4.     That the Court award such other relief that it deems just and proper to Apple.

Dated:  New York, New York
         April 11, 2018                          */s/ Dale Cendali*
         _____
                                                 Dale M. Cendali
                                                 Claudia Ray
                                                 Phillip Hill
                                                 KIRKLAND & ELLIS LLP
                                                 601 Lexington Avenue
                                                 New York, New York 10022
                                                 Telephone: (212) 446-4800
                                                 dale.cendali@kirkland.com
                                                 claudia.ray@kirkland.com
                                                 phil.hill@kirkland.com

                                                 Attorneys for Defendant
                                                 APPLE INC.